**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 115561

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Catherina Faust, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>American Coradius International, LLC,<br><br>Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Catherina Faust, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against American Coradius International, LLC (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Catherina Faust is an individual who is a citizen of the State of New York residing in Kings County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant American Coradius International, LLC, is a New York Limited Liability Company with a principal place of business in Erie County, New York.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated April 17, 2018. (**"Exhibit 1."**)

15. The Letter was the initial communication Plaintiff received from Defendant.

16. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

### FIRST COUNT
### Violation of 15 U.S.C. § 1692g
### Validation of Debts

17. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

18. 15 U.S.C. § 1692g provides that within five days after the initial communication

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

19. The written notice must contain the amount of the debt.

20. The written notice must contain the name of the creditor to whom the debt is owed.

21. The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

22. The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

23. The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

24. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

25. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

26. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

27. A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

28. A collection letter overshadows the validation notice if it is formatted in a manner such that the validation notice is visibly inconspicuous.

29. The Letter sets forth certain language in bold.

30. The Letter sets forth certain language in type-face bigger than the rest of the writing on the Letter.

31. The bottom of the Letter states "**NOTICE: PLEASE SEE SECOND PAGE FOR IMPORTANT INFORMATION**." (Emphasis in original)

32. The second page of the Letter does not include Plaintiff's Section 1692g rights.

33. Instead, the Section 1692g rights are set forth inconspicuously in the body of letter.

34. The Section 1692g rights, relative to the other language in the Letter, is visually inconspicuous.

35. The Section 1692g rights cannot be readily discerned from the rest of the non-boldfaced body of the Letter.

36. The Section 1692g rights cannot be readily discerned from the rest of the deemphasized writing of the Letter.

37. The Letter contains no visually conspicuous transitionary language, such as "See Important Notice Below," directing Plaintiffs' attention to the Section 1692g rights.

38. The Letter does not otherwise direct the consumer's attention to the Section 1692g rights in any way.

39. The manner in which the Letter is formatted would likely make the least sophisticated consumer uncertain as to her rights.

40. The manner in which the Letter is formatted would likely make the least sophisticated consumer confused as to her rights.

41. The manner in which the Letter is formatted would likely make the least sophisticated consumer overlook her rights.

42. The letter is structured in such a way that it makes Plaintiff's validation rights difficult to read and easy to overlook.

43. The letter is structured in such a way that it makes Plaintiff's validation rights appear as boilerplate language.

44. The letter is structured in such a way that it makes Plaintiff's validation rights appear unimportant.

45. The letter is structured in such a way that it discourages Plaintiff from reading her validation rights.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

46. Defendant violated § 1692g as Defendant overshadowed the information required to be provided by that Section.

## SECOND COUNT
## Violation of 15 U.S.C. § 1692g
## Validation of Debts

47. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

48. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

49. One such requirement is that the debt collector provide "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

50. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

51. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

52. Merely naming the creditor without specifically identifying the entity as the current creditor to whom the debt is owed is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).

53. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

54. When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

55. The Letter fails to identify by name and label any entity as "current creditor," "account owner," or "creditor to whom the debt is owed."

56. Instead, the Letter sets forth four disparate entities: "Creditor: Comenity Capital Bank"; "Original Creditor: CIT Bank"; "Pay Pal Account"; and "Servicer: Bill Me Later, Inc."

57. The Letter states, "This account has been placed with our office for collection."

58. The Letter fails to indicate who placed the account with Defendant.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

59. The Letter fails to indicate who Defendant represents.

60. The Letter fails to indicate who is Defendant's client.

61. The Letter demands payment be made to Defendant.

62. The Letter indicates that if a payment is made by credit card, the credit card statement will reflect a charge from Defendant only.

63. The least sophisticated consumer would likely be confused as to whether the creditor to whom the debt is owed is "Comenity Capital Bank," or "CIT Bank," or "Pay Pal," "Bill Me Later, Inc.," or Defendant.

64. The least sophisticated consumer would likely be uncertain as to whether the creditor to whom the debt is owed is "Comenity Capital Bank," or "CIT Bank," or "Pay Pal," or "Bill Me Later, Inc ," or Defendant.

65. Defendant failed to explicitly state the name of the creditor to whom the debt is owed.

66. Defendant failed to clearly state the name of the creditor to whom the debt is owed.

67. The least sophisticated consumer would likely be confused as to the name of the creditor to whom the debt is owed.

68. The least sophisticated consumer would likely be uncertain as to the name of the creditor to whom the debt is owed.

69. Defendant violated § 1692g as it failed to clearly and explicitly convey the name of the creditor to whom the debt is owed.

### THIRD COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations as to the Name of
### the Creditor to Whom the Debt is Owed

70. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

71. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

72. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

73. The question of whether a collection letter is deceptive is determined from the

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

perspective of the "least sophisticated consumer."

74. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

75. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

76. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

77. The identity of creditor to whom the debt is owed is a material piece of information to a consumer.

78. Knowing the identity of creditor to whom the debt is owed affects how a consumer responds to a debt collector's attempts to collect the debt.

79. Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

80. Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

81. The least sophisticated consumer would likely be deceived by the Letter.

82. The least sophisticated consumer would likely be deceived in a material way by the Letter.

83. Defendant violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## CLASS ALLEGATIONS

84. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt using a collection letter substantially similar to the Letter herein, from one year before the date of this Complaint to the present.

85. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

86. Defendant regularly engages in debt collection.

87. The Class consists of more than 35 persons from whom Defendant attempted to collect a consumer debt using a collection letter substantially similar to the Letter herein.

88. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

89. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

90. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

91. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Certify this action as a class action; and

    b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

    c. Find that Defendant's actions violate the FDCPA; and

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

    d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f. Grant Plaintiff's costs; together with

    g. Such other relief that the Court determines is just and proper.

DATED: August 2, 2018

**BARSHAY SANDERS, PLLC**

By: _/s/ Craig B. Sanders_____
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 115561

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530